IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RAYMOND W. SHADEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-00904-SRB |
| ) | |
| BIG LOTS STORES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

Before the Court is Plaintiff's Motion for Remand and for Fees Pursuant to § 1447(c). (Doc. #10). For the reasons stated below, the motion is GRANTED. The case is hereby remanded to the Circuit Court of Jackson County, Missouri. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Jackson County, Missouri, as required by 28 U.S.C. § 1447(c).

### I. BACKGROUND

This case arises from Plaintiff Raymond Shadel's alleged wrongful termination by his former employer, Defendant Big Lots Stores, Inc. In 2018, Defendant hired Plaintiff in Missouri to serve as a manager at Defendant's store located in Kansas City, Kansas. (Doc. #1-2, ¶ 5). Plaintiff alleges he was injured on December 27, 2018 while in the course and scope of his employment. (Doc. #1-2, ¶¶ 23, 106). On January 2, 2019, Plaintiff reported the injury to his supervisor, and Plaintiff alleges the workers' compensation claim was subsequently filed and resolved in Kansas City, Missouri. (Doc. #1-2, ¶¶ 7). Approximately five months later, Defendant fired Plaintiff.

On October 13, 2020, Plaintiff filed a petition[1] in the Circuit Court of Jackson County, Missouri, seeking relief for retaliation or wrongful discharge for exercising his workers' compensation rights. (Doc. #1-2). Plaintiff alleges his exercise of rights under the Workers' Compensation Laws of Missouri was a motivating factor for these adverse employment actions. (Doc. #1-2, ¶ 110). Plaintiff also alleges these adverse employment actions were based upon, and directly related to, his exercise of rights under the Kansas Workers' Compensation Act. (Doc. #1-2, ¶¶ 116, 118). Plaintiff's complaint asserts the following claims: (1) retaliation for exercise of rights granted by the Missouri Workers' Compensation Law, in violation of R.S.Mo. § 287.780 ("Count I"); and (2) wrongful discharge in violation of public policy under Kansas common law ("Count II"). (Doc. #1-2, ¶ 3).

On November 11, 2020, Defendant removed this action to federal court pursuant to diversity jurisdiction. (Doc. #1, ¶ 4). Plaintiff filed the instant Motion to Remand and for Fees Pursuant to 28 U.S.C. § 1447(c) on December 1, 2020. (Doc. #10). Plaintiff contends removal was improper because his claim arises under Mo. Rev. Stat. § 287.780, which is non-removable under 28 U.S.C. § 1445(c).

**II. LEGAL STANDARD**

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" 28 U.S.C. § 1441(a). A plaintiff may challenge removal by filing a motion to remand. *See* 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing subject matter jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). Under 28 U.S.C. § 1332(a)(1), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds

---

[1] The Court will hereinafter refer to this initial pleading as "complaint" in order to correspond with the terminology used in the Federal Rules of Civil Procedure.

the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states[.]" "[A] district court is required to resolve all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) (citation omitted).

Under 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). "28 U.S.C. § 1445(c) prevents removal of cases 'arising under' state worker's compensation law even where there is diversity of citizenship between the parties." *Johnson v. AGCO Corp.*, 159 F.3d 1114, 1116 (8th Cir. 1998). The Eighth Circuit has articulated the below standard to determine if an action arises under the workers' compensation laws of a state:

> [W]here a state legislature enacts a provision within its workers' compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of that state and therefore § 1445(c) applies; under such circumstances, the action would be nonremovable, subject only to the complete preemption doctrine.

*Humphrey v. Sequentia*, 58 F.3d 1238, 1246 (8th Cir. 1995). Under Missouri law, "[a]ny employee who has been discharged or discriminated against in such manner shall have a civil action for damages against his or her employer." Mo. Rev. Stat. § 287.780. The Eighth Circuit has held "a retaliatory discharge claim pursuant to Mo. Rev. Stat. § 287.780 'arises under' Missouri worker's compensation law." *Johnson*, 159 F.3d at 1116 (citing *Humphrey*, 58 F.3d at 1246).

If a court finds removal was improper, the party prevailing on the motion to remand may seek an award of just costs and any actual expenses, including attorney fees. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). District courts have broad discretion in determining whether an award

of fees is appropriate. *See id.* at 140-41 (noting courts, in deciding whether to award fees, should consider the purposes behind § 1447(c), namely "to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party" while still ensuring a defendant can remove when appropriate).

**III. DISCUSSION**

The parties do not dispute that complete diversity of citizenship exists between Plaintiff, a Missouri citizen, and Defendant, an Ohio citizen.[2] Nor do the parties dispute that the amount in controversy exceeds $75,000. Plaintiff argues remand is proper because his retaliation claim arises under Missouri's workers' compensation laws while Defendant, in its Notice of Removal, stated "[t]his action is not a non-removable action as described in 28 U.S.C. § 1445." (Doc. #1, ¶ 6.)

**A. Remand Under § 1445(c)**

Plaintiff's retaliation claim arises under Mo. Rev. Stat. § 287.780, which provides a civil cause of action to employees who have been "discharged or in any way discriminated against" for exercising any of their rights under the Missouri Workers' Compensation Law. *Johnson*, 159 F.3d at 1115. Plaintiff, relying on *Johnson* and *Humphrey*, argues removal was improper under established Eighth Circuit precedent. Plaintiff also argues both claims must be remanded because the Court is not exercising federal question jurisdiction, citing for support *Burris v. Zale Delaware, Inc.*, No. 09-6099-SV-SJ-FJG, 2009 WL 3762987 at *3 (W.D. Mo. Nov. 10, 2009). In its response to Plaintiff's motion to remand, Defendant concedes this action is subject to § 1445 and "[i]n light of [Plaintiff's cited] authority . . . Defendant does not oppose remand." (Doc. #12, p. 3).[3]

---

[2] Defendant is an Ohio corporation with its principal place of business in Columbus, Ohio. (Doc # 1-3, ¶ 3). *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

[3] After Defendant filed its response, the parties submitted to the Court a joint stipulation to remand. "While stipulations are binding, only 'stipulations of fact fairly entered into are controlling and conclusive.'" *Am.*

4

Upon review of the record and the parties' arguments, the Court finds Plaintiff's retaliation claim arises under Mo. Rev. Stat. § 287.780. In light of the Eighth Circuit's holdings in *Johnson* and *Humphrey*, the claim is nonremovable under 28 U.S.C. 1445(c) and must be remanded. Additionally, because this Court's jurisdiction is based solely on diversity, remand of Plaintiff's wrongful discharge claim arising under Kansas law is also warranted. *See Burris*, 2009 WL 3762987 at *3 ("[S]everance of a non-removable state claim is permissible only if the district court is exercising federal question jurisdiction."); *see also Humphrey*, 58 F.3d at 1246 n.11 ("[Section] 1445(c) would not apply to a claim which is completely preempted by federal law and only facially arises under a state's workers' compensation laws.").

### B. Attorneys' Fees Under § 1447(c)

Before awarding attorneys' fees under 28 U.S.C. § 1447(c), the Court must find Defendant lacked an objectively reasonable basis for seeking removal. *Martin*, 546 U.S. at 140. In the instant motion, Plaintiff initially argues Defendant lacked an objectively reasonable basis for removal because the Eighth Circuit has repeatedly held that actions brought under Mo. Rev. Stat. § 287.780 are nonremovable pursuant under § 1445(c). Defendant disagrees, arguing it was not unreasonable to remove Plaintiff's retaliation claim, particularly since the case concerns workers' compensation retaliation claims arising under the laws of two different states. After Defendant filed its response conceding to remand, the parties filed a joint stipulation with the Court in which Plaintiff withdrew his request for fees. Accordingly, Plaintiff's request for attorneys' fees is denied as moot.

---

*Red Cross v. Cmty. Blood Ctr.*, 257 F.3d 859, 864 (8th Cir. 2001) (quoting *Sims v. Wyrick*, 743 F.2d 607, 610 (8th Cir. 1984)). While stipulations do not necessarily control the outcome here, the Court reaches the same conclusion and, consistent with Eighth Circuit precedent, finds remand appropriate in this case.

5

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** Plaintiffs' Motion for Remand (Doc. #10) is GRANTED IN PART and DENIED IN PART, in that Plaintiff's motion to remand is GRANTED and Plaintiff's motion for an award of costs, including attorneys' fees, is DENIED as moot. The case is hereby remanded to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: December 21, 2020